UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JOSEPH KOHLER,

                Petitioner,        MEMORANDUM & ORDER
                                        12-CV-1137(JS)
    -against-

WILLIAM CONNOLLY,

                Respondent.
----------------------------------X
APPEARANCES
For Petitioner:     Joseph Kohler, pro se
                      800 Willis Avenue, Apt. 213
                      Albertson, NY 11507

For Respondent:     Joanna R. Hershey, Esq.
                      Yael Vida Levy, Esq.
                      Nassau County District Attorney's Office
                      262 Old Country Road
                      Mineola, New York 11501

SEYBERT, District Judge:

       Pending before the Court is Petitioner Joseph Kohler's ("Petitioner") application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated below, Petitioner's application is DENIED.

BACKGROUND

       While operating his Lincoln Mark VII on March 30, 2007, Petitioner sped through a red traffic signal into the intersection of Old Country Road and Lester Place in Plainview, New York, where he struck and killed a pedestrian, Dr. Gurcharan Singh ("Singh"). (Resp. Opp. Aff. ¶ 5.) A witness heard tires screech, observed Petitioner's vehicle, estimated that it was

traveling above the speed limit, and saw the Petitioner's car strike Singh in the crosswalk.  (Trial Tr. 311-317.)

After striking Singh, Petitioner neither stopped nor called the police.  (Trial Tr. 251-52, 313-14.)  Instead, Petitioner kept driving and turned into the nearby parking lot of the Morton Village Shopping Center.  (Trial Tr. 313.)  From there, Petitioner apparently drove home to inspect his car. (Trial Tr. 330, 335.)  In the meantime, police arrived at the scene to find civilians already blocking off traffic and attempting to aid Singh.  (Trial Tr. 251.)  Singh later died from his injuries.  (Trial Tr. 276.)

Only a few minutes after leaving the scene, Petitioner called his sister on the telephone and told her that he had "hit a bird, or something."  (Trial Tr. 330.)  However, Petitioner's sister testified that she told the grand jury that Petitioner said he thought he had "hit somebody."  (Trial Tr. 333-337.)

An extensive police investigation led to the identification of Petitioner's car, which was parked at the senior housing complex where Petitioner resided, located at 107 Central Park Road in Plainview, New York.  (Trial Tr. 393-94, 531, 419, 427-431, 462-469.)  On April 4, 2007, five days after the incident, Petitioner asked his brother to drive him to the police department so that he could surrender himself.  (Trial Tr. 359.)

2

Petitioner was indicted and charged with three counts: (1) criminally negligent homicide under N.Y. Penal Law § 125.15; (2) leaving the scene of an incident without reporting under N.Y. Veh. & Traf. Law § 600(2)(a); and (3) reckless driving under N.Y. Veh. & Traf. Law § 1212. (Resp. Opp. Aff. ¶ 6.) Following trial, a jury convicted Petitioner of leaving the scene of an incident without reporting and reckless driving. (Trial Tr. 735; Resp. Opp. Aff. ¶ 7.) The jury was unable to find a unanimous verdict as to the criminally negligent homicide, and the court declared a mistrial as to that count. (Trial Tr. 737-40; Resp. Opp. Aff. ¶ 7.) Petitioner was sentenced to an indeterminate term of imprisonment of two and one-third to seven years for leaving the scene of an incident without reporting, and a concurrent, definite term of thirty days was imposed for reckless driving. (Sent. Tr. 20-21; Resp. Opp. Aff. ¶ 7.)

Petitioner appealed to the Appellate Division, Second Department, where he argued that: (1) the verdict was unsupported by the legally sufficient evidence; (2) the verdict was against the weight of the evidence; (3) the trial court's Sandoval[1] ruling was improper and denied Petitioner a fair trial; and (4) the sentence imposed was excessive. (See generally Def. Appl. Br., Docket Entry 7-4.) A unanimous panel of the Appellate Division affirmed Petitioner's judgment of conviction,

---

[1] People v. Sandoval, 34 N.Y.2d 371 (1974).

and, viewing the evidence in the light most favorable to the prosecution, found the evidence to have been legally sufficient to establish beyond a reasonable doubt that Petitioner was guilty of leaving the scene of an incident without reporting. People v. Kohler, 85 A.D.3d 1203, 1203, 926 N.Y.S.2d 160, 161 (2011), leave to appeal denied, 18 N.Y.3d 860, 962 N.E.2d 292 (2011). The Appellate Division also found that neither of Petitioner's convictions were against the weight of the evidence, and Petitioner's contention that the Sandoval ruling was improper was without merit. Id. at 1203-1204.

On August 6, 2011, Petitioner applied for permission to appeal to the New York Court of Appeals, raising the exact same claims in his leave application as he raised before the Appellate Division. (See Leave Appl., Docket Entry 7-8.) Petitioner's leave to appeal application was denied by the Court of Appeals on December 6, 2011. Kohler, 18 N.Y.3d at 860.

Petitioner now seeks federal habeas corpus relief. As of April 10, 2013, Petitioner was released on parole from Fishkill Correctional Facility.[2]

---

[2] Though the federal habeas corpus statute requires that a petitioner be in custody when they file their application for a writ of habeas corpus, the Court has jurisdiction to hear Petitioner's claim because "[a] habeas corpus petitioner released on parole is still considered to be in custody for purposes of habeas corpus proceedings." Brody v. LeFevre, No. 88-CV-1186, 1988 WL 88429, at *3 n.3 (E.D.N.Y. Aug. 17, 1988); see also Harned v. Henderson, 588 F.2d 12, 13 n.1 (2d Cir. 1978)

4

DISCUSSION

I. Standard of Review under 28 U.S.C. § 2254

Section 2254 provides that a habeas corpus application must be denied unless the state court's adjudication on the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "A state court 'adjudicates' a petitioner's federal constitutional claims 'on the merits' when 'it (1) disposes of the claim on the merits, and (2) reduces its disposition to judgment.'" Norde v. Keane, 294 F.3d 401, 410 (2d Cir. 2002) (quoting Sellan v. Kuhlman, 261 F.3d 303, 312 (2d Cir. 2001)).

"Clearly established federal law 'refers to the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state-court decision.'" Howard v. Walker, 406 F.3d 114, 122 (2d Cir. 2005) (quoting Kennaugh v. Miller, 289 F.3d 36, 42 (2d Cir. 2002)). A decision is "contrary to" established federal law if it either "applies a rule that contradicts the governing law set forth in" a Supreme Court case, or it "confronts a set of facts that are materially

---

(finding petitioner on parole still "in custody").

5

indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [their] precedent." Penry v. Johnson, 532 U.S. 782, 792, 121 S. Ct. 1910, 150 L. Ed. 2d 9 (2001) (internal quotation marks and citation omitted). A decision is an "unreasonable application of" clearly established Supreme Court precedent if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. (internal quotation marks and citation omitted). Accordingly, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 411, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).

## II. Petitioner's Arguments

### A. Sufficiency of the Evidence

Petitioner argues that the weight of the evidence at trial did not sufficiently support his conviction of reckless driving and leaving the scene of an incident without reporting. (Writ Pet. at 17.) On appeal, the Appellate Division affirmed Petitioner's conviction and, viewing the evidence in the light most favorable to the prosecution, found that the evidence was legally sufficient to establish Petitioner's guilt of leaving

6

the scene of an incident without reporting. Kohler, 85 A.D.3d at 1203. The Appellate Division also found that Petitioner's legal sufficiency claim with regard to his reckless driving conviction was unpreserved for appellate review, but was, in any event, without merit. Id. at 1203-1204. The Court will first consider Petitioner's sufficiency of the evidence argument with respect to his conviction for reckless driving before turning to his conviction for leaving the scene of an incident without reporting.

1. Reckless Driving

Petitioner's reckless driving conviction is procedurally barred from review because it was unpreserved for appellate review in state court. The Appellate Division held that Petitioner's legal sufficiency argument with regard to his reckless driving conviction was unpreserved for appellate review and was alternatively without merit. Kohler, 85 A.D.3d at 1203. As the Appellate Division "expressly relied on a procedural default as an independent and adequate state ground," Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir. 1990), in denying Petitioner's claim, the present legal sufficiency argument with regard to his reckless driving conviction is procedurally barred from habeas corpus review. See Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 811 n.4 (2d Cir. 2000) (explaining that, "where a state court says that a claim is 'not preserved for appellate

7

review' and then ruled 'in any event' on the merits, such a claim is not preserved"). Accordingly, the Court finds Petitioner's legal sufficiency of the evidence claim with regard to his reckless driving conviction procedurally barred from review.

2. Leaving the Scene of an Incident Without Reporting

"The Due Process Clause of the Fourteenth Amendment prohibits conviction 'except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which [the Petitioner] is charged.'" Einaugler v. Sup. Ct. of the State of N.Y., 109 F.3d 836, 839 (2d Cir. 1997) (quoting In re Winship, 397 U.S. 358, 364, 90 S. Ct. 1068, 1073, 25 L. Ed. 2d 368 (1970)). Petitioner is only "entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Id. (internal quotation marks and citation omitted).

"The standard for reviewing the legal sufficiency of evidence in a criminal case is whether 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" People v. Contes, 60 N.Y.2d 620, 621, 454 N.E.2d 932, 467 N.Y.S. 2d 349 (1983)

8

(emphasis in original) (quoting Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). When challenging the sufficiency of the evidence in a state criminal conviction, a petitioner "bears a very heavy burden." Einaugler, 109 F.3d at 840 (internal quotation marks and citation omitted). Additionally, "the government receives the benefit of having all permissible inferences drawn in its favor." Dixon v. Miller, 293 F.3d 74, 81 (2d Cir. 2002) (citing United States v. Martinez, 54 F.3d 1040, 1042 (2d Cir. 1995)).

Applying the above standard, the Court finds that the evidence sufficiently supports Petitioner's conviction for leaving the scene of an incident without reporting. Given the circumstances of the accident, the serious damage to Petitioner's car, and the immediate response by bystanders to block traffic and assist Singh while Petitioner was still within the proximity of the accident, the Court finds that there was sufficient evidence that Petitioner "kn[ew] or h[ad] cause to know that personal injury has been caused to another person, due to an incident involving the motor vehicle operated by such person" and that Petitioner left "the place where the said personal injury occurred" without stopping. N.Y. Veh. & Traf. Law § 600(2)(a).

The evidence showed that Singh's injuries were consistent with a braking vehicle (Trial Tr. 287-90, 311, 394),

9

indicating that the Petitioner attempted to stop as he struck Singh, there was considerable damage to Petitioner's vehicle including a large dent on the hood of his car on the driver's side (Trial Tr. 429, 464, 559), and there was a witness who heard screeching tires just before the accident occurred (Trial Tr. 311). Based on the foregoing, a reasonable juror could infer that Petitioner saw that he was about to strike Singh, and pressed on the brakes. Moreover, Petitioner's sister testified that she spoke to Petitioner on the telephone about five minutes after the incident occurred, and Petitioner was very upset. (Trial Tr. 330.) Petitioner's sister also told the grand jury that he told her he thought he hit "somebody," although she testified at trial that he told her he thought he had hit a "bird." (Trial Tr. 334-37.)

Evidence was also presented that Petitioner failed to stop. (Trial Tr. 251-52, 313-14.) It was not until an investigation ensued and five days elapsed that Petitioner surrendered himself for arrest. Lastly, paint taken from Dr. Singh matched paint from Petitioner's vehicle. (Trial Tr. 501.)

Given the considerable evidence that supports the Petitioner's guilt of the crime charged, Petitioner fails to meet the demanding standard for overturning the jury's verdict. Thus, Petitioner's claim for insufficiency of evidence is without merit, and he is not entitled to habeas relief on this

ground.

B. <u>Verdict was Against the Weight of the Evidence</u>

Petitioner also claims that the jury's verdict at trial was against the weight of the evidence. The Appellate Division, having conducted an independent review of the weight of the evidence, concluded that the verdict was not against the weight of the evidence. <u>Kohler</u>, 85 A.D.3d at 1203-1204.

A weight of the evidence claim is distinct from a legal sufficiency claim. A weight of the evidence argument is a state law claim grounded in New York Criminal Procedure Law § 470.15(5), whereas a legal sufficiency claim is based on federal due process principles. <u>See</u> <u>People v. Bleakley</u>, 69 N.Y.2d 490, 495, 508 N.E.2d 672, 515 N.Y.S. 2d 761 (1987) (explaining that a weight of the evidence claim is based on a court's factual review power). Accordingly, this Court is precluded from considering Petitioner's weight of the evidence claim. <u>See</u> 28 U.S.C. § 2254(a) (permitting federal habeas corpus review only where the petitioner has alleged that he is in custody in violation of "the Constitution or laws or treaties of the United States"); <u>Lewis v. Jeffers</u>, 497 U.S. 764, 780, 110 S. Ct. 3092, 111 L. Ed. 2d 606 (1990) ("federal habeas corpus relief does not lie for errors of state law"); <u>accord</u> <u>Correa v. Duncan</u>, 172 F. Supp. 2d 378, 381 (E.D.N.Y. 2001). Therefore, Petitioner is not entitled to federal habeas corpus relief on this claim.

C. <u>Trial Court's Sandoval Ruling was an Abuse of Discretion and Deprived Petitioner of a Fair Trial</u>

Petitioner claims that he was denied a fair trial as a result of the trial court's <u>Sandoval</u> ruling before trial. Specifically, he argues that the court's decision to allow the People to cross-examine Petitioner about a prior conviction "effectively precluded [him] from testifying on his own behalf." (Writ Pet. at 23.) Petitioner had been convicted of leaving the scene of an incident without reporting in 2001 and again in 2007. The prosecutor sought permission to introduce proof of these prior convictions as part of the People's case for the purpose of demonstrating the absence of mistake. Alternatively, the People sought permission to cross-examine Petitioner about these prior convictions should Petitioner testify on his own behalf to demonstrate Petitioner's willingness to place his interests above those of society. The trial court denied the People's <u>Sandoval</u> application with regard to the 2001 conviction, but granted the People's request to cross-examine Petitioner about the 2007 conviction should he testify on his own behalf. (Trial Tr. 3-7.) However, Petitioner did not testify at the trial. (Trial Tr. 629.)

A petitioner's <u>Sandoval</u> claim does not raise a constitutional issue cognizable under habeas corpus review where the petitioner did not testify at trial. <u>Lopez v. Unger</u>, No.

12

07-CV-4145, 2010 WL 3937190, at *4 (E.D.N.Y. Sept. 30, 2010). "A Sandoval claim is only reviewable in a habeas corpus proceeding when the petitioner testifies at trial and is cross-examined about his prior bad acts or convictions." Id.; see also Luce v. United States, 469 U.S. 38, 43, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984) ("[T]o raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify."); Grace v. Artuz, 258 F. Supp. 2d 162, 171-72 (E.D.N.Y. 2003) ("The reviewing court must know the precise nature of the defendant's testimony, which is unknowable when the defendant does not testify.").

For the foregoing reasons, Petitioner's Sandoval-based claim is without merit, and his request for habeas relief on this ground is DENIED.

D. Excessive Sentence

Lastly, Petitioner claims that his sentence was unduly harsh and excessive. Specifically, he claims that the sentence, despite falling within the statutory limits, was harsh and excessive in light of the specific factors present in his case. (Writ Pet. at 25-26.) Petitioner was sentenced to an indeterminate term of imprisonment of two and one-third to seven years for leaving the scene of an incident without reporting and a concurrent, definite term of thirty days was imposed for reckless driving. (Sent. Tr. 20-21; Resp. Opp. Aff. ¶ 7.)

13

In the Second Circuit, "an excessive sentence claim may not be raised as grounds for habeas corpus relief if the sentence is within the range prescribed by state law." Pina v. Kuhlmann, 239 F. Supp. 2d 285, 288-89 (E.D.N.Y. 2003); see also Gonzalez v. Travis, 172 F. Supp. 2d 448, 457 (S.D.N.Y. 2001) (finding an excessive sentence claim not cognizable for habeas review where petitioner's sentence was within the statutory range); Thomas v. Senkowski, 968 F. Supp. 953, 956-57 (E.D.N.Y. 1997) (dismissing an excessive sentence claim where the petitioner's sentence fell within the range prescribed by state law). As these sentences fall within the statutory bounds (see N.Y. PENAL LAW §§ 70.00(2)(d), 70.15(1); N.Y. VEH. & TRAF. LAW §§ 600(2)(a), 1212), the Court rejects this argument.

Furthermore, Petitioner failed to raise a federal claim in connection with his excessive sentence claim in either the Appellate Division or the Court of Appeals, therefore this claim, in as much as any federal claim can be inferred, is unexhausted and thus procedurally barred from federal habeas corpus review. See 28 U.S.C. § 2254(a); O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999).

Accordingly, Petitioner's excessive sentence claim is without merit, and his request for habeas relief on this ground is DENIED.

CONCLUSION

For the reasons set forth above, Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED. Because there can be no debate among reasonable jurists that Petitioner was entitled to habeas relief, the Court does not issue a Certificate of Appealability. 28 U.S.C. § 2253(c); <u>Middleton v. Att'ys Gen.</u>, 396 F.3d 207, 209 (2d Cir. 2005).

The Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:  April  26 , 2013
        Central Islip, New York